# EXHIBIT A



1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

December 4, 2023

Francisco V. Aguilar
Nevada Secretary of State
101 N Carson Street, Suite 3
Carson City, NV 89701

Dear Secretary Aguilar:

As you are aware, the National Voter Registration Act (NVRA) requires States to maintain an accurate and current voter registration roll for elections for federal office. Based on our analysis, Nevada is in violation of Section 8 of the NVRA. By comparing publicly available voter registration records with the U.S. Census Bureau's 2021 citizen voting age population data, we have determined that three counties have more registered active voters than adult citizens over the age of 18. We have identified five other counties that have voter registration rates that exceed 90 percent of adult citizens over the age of 18, a figure that far eclipses the voter registration rate nationwide in recent elections. This evidence shows that your office and officials in these counties are not conducting appropriate list maintenance to ensure that the voter registration roll is accurate and current, as required by federal law.

Congress enacted the NVRA "to protect the integrity of the electoral process." 52 U.S.C. §20501(b)(3). Specifically, it enacted Section 8 "to ensure that accurate and current voter registration rolls are maintained." *Id.* §20501(b)(4). Retaining voter rolls bloated with ineligible voters harms the electoral process, heightens the risk of electoral fraud, and undermines public confidence in elections. After all, "[c]onfidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) (per curiam). Section 8 of the NVRA obligates States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" due to death or change of residence. 52 U.S.C. §20507(a)(4). And as the U.S. Supreme Court has recently confirmed, "federal law makes this removal mandatory." *Husted v. A. Philip Randolph Institute*, 138 S. Ct. 1833, 1842 (2018).

This letter provides statutory notice that the Republican National Committee, Nevada Republican Party, and Scott Johnston, acting as political parties and a registered Nevada voter with substantial interests in secure elections, will bring a lawsuit against you and, if appropriate, against the counties named in this letter, if you fail to take specific actions to correct these violations of Section 8 within the 90-day timeframe specified in federal law. *See Green v. Bell*, No. 321-cv-00493, 2023 WL 2572210, at *3 (W.D.N.C. Mar. 20, 2023). Furthermore, while we hope to avoid litigation, we still formally request that the Nevada Secretary of State and the eight counties named in this letter (if they maintain separate records) act to preserve documents as required by Section 8(i) of the NVRA. 52 U.S.C. §20507(i)(1)-(2).

As the Secretary of State, you are responsible for coordinating the required statewide list maintenance under the NVRA. The NVRA requires each State to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under" the law. *Id.* §20509. Nevada law designates the Secretary of State as the State's chief election officer charged with overseeing and maintaining voter registration. *See* Nev. Rev. Stat. §293.675. This letter explains how we concluded that Nevada and the eight named counties are violating Section 8 of the NVRA, and the curative steps needed to avoid litigation.

I.     **The NVRA protects election integrity by requiring States to make reasonable efforts to maintain accurate and current lists of registered active voters.**

Nevada's voter registration list maintenance program must be "uniform, non-discriminatory, and in compliance with the Voting Rights Act." 52 U.S.C. §20507(b)(1). Section 8 requires that States "remove the names of ineligible voters from the official lists of eligible voters by reason of (A) the death of the registrant; or (B) a change in the residence of the registrant" to outside of his or her current voting jurisdiction. *Id.* §20507(4)(A)-(B).

Additionally, the Help America Vote Act (HAVA) mandates that States adopt computerized statewide voter registration lists and maintain them "on a regular basis" in accordance with the NVRA. *Id.* §21083(a)(2)(A). States must "ensure that voter registration records in the State are accurate and are updated regularly," a process which must include making a "reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters." *Id.* §21083(a)(4). HAVA's list maintenance mandates include coordination with "State agency records on death" and "State agency records on felony status" to facilitate the removal of individuals who are deceased or rendered ineligible under State law due to felony conviction. *Id.* §21083(a)(2)(A)(ii)(I)-(II).

As the chief election official for Nevada, the responsibility rests with you to coordinate and oversee the list maintenance activities of local and county election officials. *See, e.g., Scott v. Schedler*, 771 F.3d 831, 839 (5th Cir. 2014) ("[T]he NVRA's centralization of responsibility counsels against … buck passing."); *United States v. Missouri*, 535 F.3d 844, 850 (8th Cir. 2008) (explaining that a State or chief election official "may not delegate the responsibility to conduct a general program to a local official and thereby avoid responsibility if such a program is not reasonably conducted"); *see also, e.g.*, Nev. Rev. Stat. §293.675 (setting forth requirements for the Secretary of State to conduct regular voting list maintenance activities).

II.    **Three Nevada counties have more registered active voters than voting-eligible citizens, and five others have suspiciously high rates of voter registration.**

Based on data gathered from the U.S. Census Bureau's 2021 citizen voting age population data and the most up-to-date count of registered active voters available from the Nevada Secretary of State, Nevada is failing to meet its list maintenance obligations. Comparing the registered active voter count to the 2021 Census data reveals that these

three counties have greater than 100 percent voter registration: Douglas (105%), Lyon (106%), and Storey (114%).

In other words, there are more registered voters than eligible voters. This impossible statistic shows that voter registration records are not being maintained. Meanwhile, five other counties across the State have voter registration rates of 90 percent or greater: Carson City (92%), Churchill (90%), Clark (92%), Eureka (91%), and Washoe (92%).

These voter registration rates are abnormally or, in the case of counties with greater than 100 percent registration, impossibly high. This constitutes strong evidence that Nevada's voter rolls are not being properly maintained. According to the U.S. Census Bureau, only 69.1% of the citizen voting-age population was registered nationwide in the November 2022 election. *See* U.S. Census Bureau, *Voting and Registration in the Election of November 2020, Table 4a, Reported Voting and Registration of the Total Voting-Age Population, for States: November 2022*, perma.cc/XQ3R-E4FT. Similarly, only 72.7% of the citizen voting-age population was registered nationwide in the November 2020 election. *See* U.S. Census Bureau, *Voting and Registration in the Election of November 2020, Table 4a, Reported Voting and Registration, for States: November 2020*, perma.cc/7BUT-ZLDA. The U.S. Census Bureau further reported that Nevada's statewide voter registration rates for the 2022 and 2020 elections were 65.1% and 66.2% of the citizen voting-age population, respectively. *Id.* Thus, these eight counties are significant outliers, touting voter registration rates 17 to 45 percentage points higher than the national figures from 2022 and 2020, and 23 to 49 percentage points above the State figures for the same period. Discrepancies on this scale cannot be attributed to above-average voter participation and instead point to deficient list maintenance.

Nevada's failure to provide accurate voter rolls violates federal law, jeopardizes the integrity of the upcoming 2024 federal election, and signals to voters that elections in Nevada are not being properly safeguarded.

### III.   Avoiding litigation

The NVRA includes a private right of action, empowering any "person who is aggrieved by a violation" of the statute to bring a civil action in federal district court for declaratory or injunctive relief. 52 U.S.C. §20510(b)(1)-(2); *see Green*, 2023 WL at *1-*7. If the violations we have identified are not corrected within 90 days of receipt of this letter, we will have to file a lawsuit. *See* 52 U.S.C. §20510(b)(2).

We hope to avoid litigation and would welcome immediate efforts by your office to bring Nevada into compliance with Section 8. We ask that you evaluate your current list maintenance procedures and protocols to identify the cause of the compliance failures discussed in this letter. We also ask that you modify your current list maintenance program to ensure that it is comprehensive, nondiscriminatory, and in compliance with federal law. Your list maintenance program must identify and remove these categories of individuals from the official lists of eligible voters:

4

1. All persons who are ineligible to vote by reason of a change in residence;

2. Deceased individuals;

3. Persons who are incarcerated;

4. All other ineligible voters.

We also ask that you, and should they want to respond separately, each named county, respond in writing within 45 days of the date of this letter. This response should fully describe the efforts, policies, and programs you are taking, or plan to undertake before the 2024 general election to bring Nevada into compliance with Section 8. This response should also note when you plan to begin and complete each specified measure and the results of any programs or activities you have already undertaken. We also ask you to advise us what policies are presently in place, or will be put in place, to ensure effective and routine coordination of list maintenance activities with the federal, state, and local entities outlined below. Finally, we seek a description of the specific steps you intend to take to ensure routine and effective list maintenance on a continuing basis beyond the 2024 election. To avoid litigation, we may seek certain reasonable assurances that you will affirmatively undertake these efforts, including the execution of a settlement agreement.

Should you refuse to comply with Section 8 and thus require legal action, you should know that the NVRA authorizes courts to award "reasonable attorney fees, including litigation expenses, and costs" to the prevailing party. 52 U.S.C. §20510(c). Therefore, if litigation ensues, you risk bearing the financial burden of the full cost of the litigation.

## IV. Preservation of records

We also ask that you act to preserve certain records as required under the NVRA, should they be needed in the future or for possible litigation. 52 U.S.C. §20507(i). These documents and records include, but are not limited to:

1. A copy of the most recent voter registration database for the State of Nevada and for each named county, including pertinent information on each voter (name, date of birth, home address, voter activity, and active or inactive status);

2. Internal communications and emails of the Nevada Secretary of State's office, applicable county boards of elections, and any divisions, bureaus, offices, third party agents, and contractors relating to voter list maintenance;

3. All emails or other communications between the Nevada Secretary of State and county elections officials concerning their list maintenance activities, their duties to maintain accurate and current lists, and any consequences arising from a failure to do so;

4. All email or other communications between the Nevada Secretary of State and any State or federal offices and agencies, in which the Nevada Secretary of State seeks or obtains information about registered voters who have moved, been convicted and imprisoned, died, or are otherwise ineligible, for use in list maintenance activities; and

5. All email or other communications between the Nevada Secretary of State and any other State, as well as email and communications with the Electronic Registration Information Center, the American Association of Motor Vehicle Authorities, and the National Association for Public Health Statistics and Information Systems, regarding obtaining information about voters who are deceased or who have moved for use in list maintenance activities.

We look forward to working with you in a productive fashion to ensure the accuracy and currency of Nevada's voter rolls and to protect the integrity of its voting process. While we hope to avoid litigation, if we do not receive the requested response, and if Nevada fails to take the necessary curative steps to resolve the issues identified in this letter, you will be subject to a lawsuit seeking declaratory and injunctive relief.

We look forward to your response.

Sincerely,

*/s/ Thomas R. McCarthy*

Gilbert C. Dickey
Tiffany H. Bates
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
gilbert@consovoymccarthy.com
tiffany@consovoymccarthy.com
conor@consovoymccarthy.com

Thomas R. McCarthy
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com