# Exhibit 1

[Proposed] Answer to Complaint

David R. Fox (NV Bar No. 16536)
Christopher D. Dodge (*pro hac vice forthcoming*)
Marisa A. O'Gara (*pro hac vice forthcoming*)
**Elias Law Group LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 968-4490
dfox@elias.law
cdodge@elias.law
mogara@elias.law

Bradley S. Schrager (NV Bar No. 10207)
Daniel Bravo (NV Bar No. 13078)
**Bravo Schrager LLP**
6675 South Tenaya Way, Suite 200
Las Vegas, NV 89113
(702) 996-1724
bradley@bravoschrager.com
daniel@bravoschrager.com

*Attorneys for Intervenor-Defendants*
*Rise Action Fund, Institute for a Progressive Nevada, and Nevada Alliance for Retired Americans*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, NEVADA REPUBLICAN PARTY, and SCOTT JOHNSTON, <br><br> Plaintiffs, <br><br> v. <br><br> FRANCISCO AGUILAR, in his official capacity as Nevada Secretary of State; LORENA PORTILLO, in her official capacity as the Registrar of Voters for Clark County; WILLIAM "SCOTT" HOEN, AMY BURGANS, STACI LINDBERG, and JIM HINDLE, in their official capacities as County Clerks, <br><br> Defendants. | Case No. 2:24-cv-00518-CDS-MDC <br><br> **[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

- 1 -

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Proposed Intervenor-Defendants Rise Action Fund ("RISE"), the Institute for a Progressive Nevada ("The Institute"), and the Nevada Alliance for Retired Americans ("The Alliance") (collectively, "Proposed Intervenors"), by and through their attorneys, submit the following Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"). Proposed Intervenors respond to the allegations in the Complaint as follows:

## INTRODUCTION

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

2. Denied.

3. Denied.

4. Proposed Intervenors deny that the number of voters registered in any Nevada county is impossibly high. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore deny them.

5. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny them.

6. Denied.

## JURISDICTION AND VENUE

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

8. Admitted.

## PARTIES

9. Admitted.

10. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny them.

11. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny them.

12. Proposed Intervenors lack knowledge and information sufficient to form a belief as

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

ELIAS LAW GROUP LLP
ATTORNEYS AT LAW
WASHINGTON, DC

to the truth of the allegations in Paragraph 12 and therefore deny them.

13. Proposed Intervenors deny that Defendants have failed to comply with the NVRA's voter-list maintenance obligations. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore deny them.

14. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny them.

15. Proposed Intervenors admit that Plaintiff Nevada Republican Party is a political party in Nevada with its principal place of business at 2810 West Charleston Blvd. #69, Las Vegas, NV 89102. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore deny them.

16. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore deny them.

17. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore deny them.

18. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore deny them.

19. Proposed Intervenors deny that Defendants do not maintain accurate voter rolls and that Mr. Johnston's right to vote has been or will be burdened or diluted. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore deny them.

20. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny them.

21. Denied.

22. Proposed Intervenors deny that Defendants have failed to comply with their list-maintenance obligations. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore deny them.

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

ELIAS LAW GROUP LLP
ATTORNEYS AT LAW
WASHINGTON, DC

23. Denied.

24. Admitted.

25. Proposed Intervenors admit that Lorena Portillo is the Registrar of Voters for Clark County with certain responsibilities described by law and is sued in her official capacity. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore deny them.

26. Proposed Intervenors admit that William "Scott" Hoen is the Clerk for Carson City and that he is sued in his official capacity. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore deny them.

27. Proposed Intervenors admit that Amy Burgans is the Clerk for Douglas County and that she is sued in her official capacity. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore deny them.

28. Proposed Intervenors admit that Staci Lindberg is the Clerk for Lyon County and that she is sued in her official capacity. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore deny them.

29. Proposed Intervenors admit that Jim Hindle is the Clerk for Storey County and that he is sued in his official capacity. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore deny them.

## BACKGROUND

**I.   Federal law requires States to maintain accurate voter rolls.**

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

31. Proposed Intervenors deny the first sentence in Paragraph 31. The second sentence

- 4 -

in Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

32. Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

33. Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

34. Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

35. Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

38. Proposed Intervenors admit that the language quoted above appears in the Carter-Baker Report but deny the underlying allegations.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

40. Denied.

41. Proposed Intervenors admit that since the passage of Assembly Bill 321 in 2021, all active registered voters in Nevada receive a ballot by mail unless they submit an opt-out form to their respective county clerks. Proposed Intervenors deny the remaining allegations in Paragraph 41.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

**II.     Defendants have specific obligations under the NVRA.**

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and

- 5 -

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

opinions to which no response is required.

44. Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

46. Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

47. Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

### III. Defendants have failed to comply with their list-maintenance obligations.

48. Proposed Intervenors deny that Nevada's registration records are inaccurate. The remaining allegations in Paragraph 48 are legal contentions, characterizations, conclusions, and opinions to which no response is required.

49. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny them.

50. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny them.

51. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny them.

52. Denied.

53. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny them.

54. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny them.

55. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny them.

56. Denied.

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

ELIAS LAW GROUP LLP
ATTORNEYS AT LAW
WASHINGTON, DC

57. Denied.

58. Denied.

59. Denied.

60. Admitted.

61. Admitted.

62. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore deny them.

63. Proposed Intervenors admit that according to the EAC survey, Mineral County and Esmeralda County reported removing less than 2% of their registration lists for residency changes. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore deny them.

64. Proposed Intervenors deny that the number of voters removed due to changes in residency in Esmeralda, Lincoln, Mineral, and Storey Counties is implausibly low. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and therefore deny them.

65. Denied.

66. Proposed Intervenors admit that the EAC report shows 359,403 inactive registrations in Nevada in 2022, that according to the EAC report, this constitutes 16.3% of the total registrations in Nevada, and that according to the EAC report the national average for that figure is 11.1%, which is a lower number. Proposed Intervenor denies the remaining allegations in Paragraph 66.

67. Denied.

68. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny them.

69. Denied.

70. Denied.

71. Denied.

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

ELIAS LAW GROUP LLP
ATTORNEYS AT LAW
WASHINGTON, DC

72. Denied.

73. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73, which refer to an uncited, unidentified case, and therefore deny them.

74. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74, which refer to an uncited, unidentified case, and therefore deny them.

75. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75, which refer to an uncited, unidentified case, and therefore deny them.

76. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 76, which refer to an uncited, unidentified case, and therefore deny them.

77. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 77, which refer to an uncited, unidentified case, and therefore deny them.

78. Proposed Intervenors lack knowledge and sufficient to form a belief as to the truth of the allegations in Paragraph 78, which refer to an uncited, unidentified case, and therefore deny them.

**IV.    Plaintiffs provided Defendants notice of their statutory violations.**

79. Paragraph 79 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

80. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore deny them.

81. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore deny them.

82. Proposed Intervenors lack knowledge and information sufficient to form a belief as

to the truth of the allegations in Paragraph 82 and therefore deny them.

83. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny them.

84. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore deny them.

85. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore deny them.

86. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Paragraph 86 and therefore deny them.

87. Proposed Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore deny them.

88. Denied.

89. Paragraph 89 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

90. Denied.

91. Denied.

92. Denied.

## COUNT

### Violation of the NVRA

93. Proposed Intervenors incorporate the responses to Paragraphs 1-92 as if set forth fully herein.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## AFFIRMATIVE DEFENSES

Proposed Intervenors set forth their affirmative defenses without assuming the

- 9 -

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

ELIAS LAW GROUP LLP
ATTORNEYS AT LAW
WASHINGTON, DC

burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated here is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the complaint. Proposed Intervenors reserve the right to amend or supplement their affirmative defenses as additional facts concerning defenses become known.

As separate and distinct affirmative defenses, Proposed Intervenors allege as follows:

1. Plaintiffs fail to state a claim on which relief can be granted.
2. This Court lacks subject matter jurisdiction.
3. Plaintiffs do not have Article III standing.
4. Plaintiffs lack a private right of action.
5. Plaintiffs' claims are equitably barred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Proposed Intervenors ask this Court to enter judgment in their favor and provide the following relief:

A. Deny that Plaintiffs are entitled to any relief;

B. Dismiss Plaintiffs' complaint in its entirety, with prejudice; and

C. Grant such other and further relief as the Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| Dated: March 21, 2024 | Respectfully submitted,<br><br>**ELIAS LAW GROUP LLP**<br><br>By: */s/ David R. Fox*<br>David R. Fox (NV Bar No. 16536)<br>Christopher D. Dodge (*pro hac vice forthcoming*)<br>Marisa A. O'Gara (*pro hac vice forthcoming*)<br>**Elias Law Group LLP**<br>250 Massachusetts Ave NW, Suite 400<br>Washington, DC 20001<br>(202) 968-4490<br>dfox@elias.law<br>cdodge@elias.law<br>mogara@elias.law<br><br>Bradley S. Schrager (NV Bar No. 10217)<br>Daniel Bravo (NV Bar No. 13078)<br>**Bravo Schrager LLP**<br>6675 South Tenaya Way, Suite 200<br>Las Vegas, NV 89113<br>(702) 996-1724<br>bradley@bravoschrager.com<br>daniel@bravoschrager.com<br><br>*Attorneys for Proposed Intervenor-Defendants* |