UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Republican National Committee, *et al*,<br><br>Plaintiff(s),<br><br>vs.<br><br>Francisco Aguilar, *et al*.,<br><br>Defendant(s). | 2:24-cv-00518-CDS-MDC<br><br>**Report and Recommendation** |

Pending before the Court is the proposed intervenor's *Motion to Intervene as Defendants* ("Motion to Intervene") (ECF No. 7). The Court recommends GRANTING the Motion to Intervene.

## DISCUSSION

### I. BACKGROUND

The plaintiffs bring their case under the National Voter Registration Act of 1993, 52 U.S.C. § 20507 ("NVRA"). ECF No. 1 at 2. In sum, the plaintiffs allege that "defendants are failing to make a reasonable effort to conduct appropriate list maintenance as required by NVRA." *Id.* at ¶6. A primary relief sought by plaintiffs is the removal of certain ineligible individuals from the official list of eligible voters. *Id.* at ¶83. Defendants are sued in their official capacity.

The Proposed Intervenors ("Proposed Intervenors") **Rise**, **Institute for a Progressive Nevada**, and **The Alliance for Retired Americans** filed a Motion to Intervene (ECF No. 7), seeking to intervene as a matter of right or, as an alternative, under permissive intervention. The Proposed Intervenors are non-profit organizations with voting related purposes, whose members embrace registered voters included in the list maintenance required by the NVRA. *See* ECF No. 7 at 4-7.

### II. LEGAL STANDARD

A person or entity seeking to intervene as of right must "claim an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties

adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit applies a four-part test when analyzing a motion to intervene under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022) (internal citations omitted).

Even if an intervenor does not satisfy the four-part test for intervention as of right, they may still intervene under Rule 24(b). A court may allow anyone who "has a claim or defense that shares with the main action a common question of law or fact" to intervene. Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit has held that permissive intervention will be granted if the movant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. *See SEC v. Beasley*, 2024 U.S. App. LEXIS 6239, at *5 (9th Cir. 2024) (citing *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 995 (9th Cir. 2009)) (internal citations omitted); *see also Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

In evaluating motions to intervene, courts must "take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Regardless of whether the applicant seeks to intervene as a matter of right or permissively, such requests receive liberal construction in favor of intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

### III. ANALYSIS

#### A. Intervention As Of Right

The Proposed Intervenors assert that they are entitled to intervene as of right under Rule 24(a)(2). They argue that: (1) the motion is timely; (2) they have substantial threatened interests; and (3) defendants do not adequately represent them. ECF No. 7. The plaintiffs argue that the Proposed Intervenors do not have a right to intervene because they: (1) do not have a legally protectable interest in this action; (2) do not make a "very compelling showing" that the defendants' representation will be inadequate; (3) failed to show the Court has independent basis for jurisdiction; and (4) will delay the action. ECF No. 18.

##### i. The Motion To Intervene Is Timely

The Court finds that the Proposed Intervenors have satisfied the first factor of the four-part test by timely filing their Motion to Intervene (ECF No. 7). In determining whether a motion to intervene is timely, the Ninth Circuit considers three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) reason for and length of delay." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)). Here, the Proposed Intervenors filed their motion on March 21, 2024, only a few days after the plaintiffs filed their Complaint on March 18, 2024. See ECF Nos. 1, 7. The Court need not consider prejudice nor reason for and length of delay. There is no prejudice to filing a motion to intervene mere three days after the Complaint was filed. Nor was there a delay in filing three days after the Complaint was filed.

##### ii. The Proposed Intervenors Have Significant Protectable Interests

The plaintiffs and the Proposed Intervenors disagree as to whether the Proposed Intervenors have a significantly protectable interest. The Proposed Intervenors argue that they "each have at least two

3

significantly protectable interests that [p]laintiff's lawsuit threatens to impair." ECF No. 7 at 12:12-15. The Proposed Intervenors assert that:

> **(1)** [They] have a substantial interest in ensuring that their members and constituents are able to register to vote, remain registered to vote, and successfully participate in the upcoming general election.
>
> **(2)** The purge sought by [p]laintiffs would require each Proposed Intervenor to divert time and resources away from other essential election-year activities, harming their missions in the process.

ECF No. 7 at 12-14.

In their Opposition (ECF No. 18), the plaintiffs argue that the Proposed Intervenor's interests "are either irrelevant to the claims in this case or are far too speculative to support intervention." ECF No. 18 at 4:4-5. The plaintiffs further argue that the Proposed Intervenors do not have a legally protected interest in keeping ineligible voters on the rolls. *Id.* at 5:1-2. They assert that "[a]ffording complete relief to the plaintiffs in this case would not actually affect the Proposed Intervenors interest in ensuring those eligible voters remain registered." *Id.* at 5:6-8 (internal citations and quotations omitted). The plaintiffs further assert that Proposed Intervenors can litigate their own case once their right has been "aggrieved by a violation of the NVRA." *Id.* at 5:11-13. They argue that the Proposed Intervenors interests is "contingent on several events that have not yet occurred" and is therefore too "speculative." *Id.* at 5. The plaintiffs also argue that the Proposed Intervenor's economic interests are not a significantly protectable interest.

The Proposed Intervenors respond to the plaintiff's arguments by stating that: (1) that the Rules do not require a showing that their interests will be impaired with "absolute certainty" (ECF No. 20 at 4:13-17); (2) plaintiff's argument that the Proposed Intervenors file their own lawsuit is incompatible with the function of Rule 24 which seeks to prevent the risk of inconsistent judgments (ECF No. 20 at

5:8-11); and (3) their economic interests are a protectable interest because they will have to divert resources to prevent a frustration of their purpose (ECF No. 20 at 6:4-6).

The Court finds that the Proposed Intervenors have sufficient protectable interests. "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and [n]o specific legal or equitable interest need be established." *Citizens for Balanced use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir.1996)) (internal citations and quotations omitted). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law **and** that there is a relationship between the legally protected interest and the claims at issue." *Id*. (emphasis added). The applicant must satisfy each element. *Arakaki* 324 F.3d at 1084 (citing *Donnelly*, 159 F.3d at 410). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Id*. Here, the Proposed Intervenors have pointed out that the "NVRA itself reflects Proposed Intervenors' interests." ECF No. 7 at 13. "The law creates a cause of action to challenge improper removal of registered voters." *Id.* (citing 52 U.S.C. § 20510(b)). The Proposed Intervenors have established protectable interests and a relationship between such interest and plaintiffs' claims. The Proposed Intervenors state that they seek to prevent "improper removal of their members from Nevada's voter rolls." *Id.* The plaintiffs seek to remove ineligible voters from Nevada's voter lists. ECF No. 18 at 4. However, the Proposed Intervenors have pointed out that while plaintiffs' efforts may remove ineligible voters, it "could also remove eligible voters," which may include members of the Proposed Intervenors.   ECF No. 7 at 14. Further the Proposed Intervenors allege that they would be forced to divert their resources in order to combat the potential consequences of plaintiffs' claims. The Court takes as true their concerns and, per the Ninth Circuits liberal

construction of permitting intervention, the Court finds that there is a significant protectable interest. *Berg*, 268 F.3d at 820; *Arakaki*, 324 F.3d at 1083.

### iii. Defendants Do Not Adequately Represent Proposed Intervenors

The Proposed Intervenors and plaintiffs disagree as to whether the named defendants adequately represent the Proposed Intervenors interests. The Proposed Intervenors argue that since the government has "twin objectives" in "easing barriers to registration and voting, while at the same time protecting the electoral integrity and the maintenance of accurate voter rolls," it cannot adequately represent the interests of partisan or private actors. ECF No. 7 at 16-17. Plaintiffs argue that the Proposed Intervenors and the State share the same "ultimate objective: dismissal of the suit," therefore, the defendants adequately represent the Proposed Intervenors interests.

"There is an assumption of adequacy when [a] government is acting on behalf of a constituency that it represents." *GP Management Corporation v. City of Los Angeles*, 339 F.R.D. 621, 624 (C.D. Cal. 2021) (citing *Arakaki*, 324 F.3d at 1086). "At the same time, however, '[t]he burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate.'" *Id*. "Courts, including the Ninth Circuit, 'have permitted intervention on the government's side in recognition that the intervenors' interests are narrower than that of the government and therefore may not be adequately represented.'" *Id*. (citing *Arakaki*, 324 F.3dat 1087 (collecting cases). The Proposed Intervenors have alleged that the government's "twin interests" **may** interfere with the Proposed Intervenors' mission and interests. ECF No. 7 at 17. The Proposed Intervenors have properly pointed out that the burden is a minimal one, and since they have demonstrated their interests *may* be affected, the Court finds that the Proposed Intervenors have shown that the named defendants cannot adequately represent them.

//

### B. Proposed Intervenors May Intervene Per Rule 24(b)

The Court next turns to whether the Proposed Intervenors can intervene under a permissive intervention standard under Rule 24(b). As previously noted, a person or entity can still intervene, even if they do not meet the requirements of Rule 24(a), if they have "a claim or defense that shares with the main action a common question of law or fact" to intervene. Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit has held that permissive intervention will be granted if the movant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. *Beasley*, 2024 U.S. App. LEXIS 6239, at *5 (internal citations omitted); *see also Donnelly*, 159 F.3d at 412.

The Court first notes that, for the reasons stated above, the motion is timely. The Court also notes that the Proposed Intervenors have alleged that the NVRA is the subject of the action and basis for intervention. The Court now turns to the remaining requirement, independent grounds for jurisdiction, and whether allowing intervention would cause undue delay or prejudice to the original parties.

#### i. Independent Grounds for Jurisdiction Is Not Necessary

Plaintiffs point out that the Proposed Intervenors do not show that this Court has an independent basis for jurisdiction. ECF No. 18 at 11:1-2. The Proposed Intervenors respond to plaintiff's contention by stating that the jurisdictional requirement "is unnecessary where, as here, in a federal question case, the proposed intervenor raises no new claims." ECF No. 20 at 10:17-19 (internal citations omitted). The Proposed Intervenors are correct that they are not required to show an independent ground for jurisdiction. The Ninth Circuit has expressly held that "where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." *Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) ("We therefore clarify that the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question jurisdiction cases when the proposed intervenor is not raising new claims.") (internal citations omitted). The underlying case is brought before the Court under federal-question jurisdiction,

7

specifically a violation of the NVRA, 52 U.S.C. § 20507. The Proposed Intervenors do not raise new claims. ECF No. 7-1 (proposed answer). Thus, the independent jurisdictional requirement is not required under the circumstances here.

### ii. There Is No Prejudice Or Undue Delay

Even if the Proposed Intervenors have met the requirements for permissive intervention, the Court also looks to whether there will be prejudice or delay. The Proposed Intervenors and plaintiffs argue as to whether intervention would cause undue delay or prejudice to the original parties. Plaintiffs argue that adding three more defendants will "increase the costs of litigation, make scheduling more cumbersome, and inevitably slow down proceedings." ECF No. 18 at 12 (internal citations omitted). The Proposed Intervenors argue that there is no basis for the alleged delay or prejudice because they moved to intervene "just three days after the complaint was filed" and that "they will adhere to any schedule set by the Court or agreed to by the existing parties." ECF No. 20 at 11:6-9. First, the Court notes that there is no prejudice considering that Proposed Intervenors timely filed their Motion to Intervene (ECF No. 7) just a few days after the Complaint was filed. Furthermore, the Proposed Intervenors do not seek to add their own claims, therefore, neither the current defendants nor the plaintiffs will be forced to defend against additional claims. This litigation is early in stage, and thus, the Court finds that there will be no undue delay.

## IV. CONCLUSION

The Proposed Intervenors have met the conditions for intervention under intervention as of right and permissive intervention.

ACCORDINGLY,

**IT IS RECOMMENDED** that the Motion to Intervene (ECF No. 7) be GRANTED.

DATED: May 24, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

8