AARON D. FORD
  Attorney General
LAENA ST-JULES (Bar No. 15156)
  Senior Deputy Attorney General
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
T: (775) 684-1100
E:  lstjules@ag.nv.gov

*Attorneys for Secretary of State*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, NEVADA REPUBLICAN PARTY, and SCOTT JOHNSTON,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRANCISCO AGUILAR, in his official capacity as Nevada Secretary of State; LORENA PORTILLO, in her official capacity as the Registrar of Voters for Clark County; WILLIAM "SCOTT" HOEN, AMY BURGANS, STACI LINDBERG, and JIM HINDLE, in their official capacities as County Clerks,<br><br>    Defendants. | Case No. 2:24-cv-00518-CDS-MDC<br><br>**DEFENDANT SECRETARY OF STATE'S MOTION FOR LEAVE TO SUPPLEMENT AUTHORITIES** |

    Defendant Francisco Aguilar, in his official capacity as Nevada Secretary of State ("Secretary of State"), hereby moves the Court, pursuant to Local Rule 7-2(g), for leave to cite to the supplemental authority, attached as Exhibit 1, in support of the Secretary of States' Motion to Dismiss, ECF No. 26. The proposed supplemental authority is the Supreme Court's June 13, 2024 decision in *Food and Drug Administration v. Alliance for Hippocratic Medicine*, No. 23-235.

    This decision clarifies the doctrine governing Plaintiffs Republican National Committee and Nevada Republican Party's cornerstone standing theories. Plaintiffs' standing arguments rely on alleged diversions of resources under *Havens Realty Corp. v.*

Page **1** of 4

1  *Coleman*, 455 U.S. 363, 379 (1982).  *See* Resp. in Opp. to Mtn. to Dismiss at 10,
2  ECF Nos. 40 and 41 ("The complaint alleges that Defendants' violation of the NVRA
3  inflates the voter rolls and causes Plaintiffs to divert their resources to address the fallout.
4  Compl. ¶¶ 13-14, 17, 21-23 '[T]here can be no question' that diversions of resources are an
5  'injury in fact.' *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)."). They also rely
6  on purported harm to their organizational missions. *See id.* at 12-13 (allegation that state's
7  list maintenance practices harm their "core mission" of "electing Republican candidates,
8  representing the interests of Republican voters, and maintaining confidence in the
9  integrity of elections.").

10       As to Plaintiffs' first theory—diversion of resources—the Court held that
11  organizations "cannot spend [their] way into standing simply by expending money to gather
12  information and advocate against the defendant's action." *Alliance for Hippocratic*
13  *Medicine*, slip op. at 22. The Court similarly rejected the notion that an organization can
14  establish standing whenever it "diverts its resources in response to a defendant's actions,"
15  indicating that this theory of standing "would mean that all organizations in America
16  would have standing to challenge almost every federal policy that they dislike, provided
17  the spend a single dollar opposing those policies." *Id.*
18  . . .
19  . . .
20  . . .
21  . . .
22  . . .
23  . . .
24  . . .
25  . . .
26  . . .
27  . . .
28  . . .

As to Plaintiffs' theory based on alleged harm to their organizational mission, the Court rejected the argument that standing can be established where organizations' "ability to provide services and achieve their organizational missions" are supposedly impaired by a defendant. *Id.* at 21. The Court held that "a plaintiff must show 'far more than simply a setback to the organization's abstract social interests.'" *Id.* (quoting *Havens Realty Corp.*, 455 U.S. at 379).

DATED this 13th day of June 2024.

> AARON D. FORD
> Attorney General
>
> By: */s/ Laena St-Jules*
> LAENA ST-JULES (Bar No. 15156)
>  Senior Deputy Attorney General
> Office of the Attorney General
> 100 North Carson Street
> Carson City, Nevada 89701-4717
> T: (775) 684-1100
> E: lstjules@ag.nv.gov
>
> *Attorneys for Secretary of State*

## INDEX OF EXHIBITS

| EXHIBIT NO. | EXHIBIT DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1. | *Food and Drug Admin. v. All. For Hippocratic Med.*, No. 23-235 (U.S. June 13, 2024). | 38 |