Jeffrey F. Barr (NV Bar No. 7269)
8275 South Eastern Avenue, Suite 200
Las Vegas, NV 89123
(702) 631-4755
barrj@ashcraftbarr.com

Thomas R. McCarthy* (VA Bar No. 47145)
Gilbert C. Dickey* (VA Bar No. 98858)
Conor D. Woodfin* (VA Bar No. 98937)
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

Sigal Chattah (NV Bar No. 8264)
5875 S. Rainbow Blvd #204
Las Vegas, NV 89118
(702) 360-6200
sigal@thegoodlawyerlv.com

*Admitted pro hac vice

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

REPUBLICAN NATIONAL COMMITTEE,
NEVADA REPUBLICAN PARTY, and SCOTT
JOHNSTON,

|                          | No. 2:24-cv-00518-CDS-MDC |

Plaintiffs,

v.

FRANCISCO AGUILAR, *in his official capacity
as Nevada Secretary of State*; LORENA
PORTILLO, *in her official capacity as the
Registrar of Voters for Clark County*; WILLIAM
"SCOTT" HOEN, AMY BURGANS, STACI
LINDBERG, and JIM HINDLE, *in their official
capacities as County Clerks*,

Defendants.

**RESPONSE IN
OPPOSITION TO
INTERVENORS' MOTION
TO DISMISS AMENDED
COMPLAINT**

1    Plaintiffs file this response in opposition to the Intervenor-Defendants' motion

2  to dismiss. *See* Interv. Mot. (Doc. 104). The Intervenors' motion raises most of the

3  same arguments as the Secretary's motion to dismiss (Doc. 101). To aid the Court's

4  review, Plaintiffs incorporate their arguments made in response to the Secretary, to

5  the extent those same arguments are made by the Intervenors. Plaintiffs expand in

6  this response on the unique arguments made by the Intervenors.

7                              **ARGUMENT**

8    **I.    The RNC and the NVGOP have plausibly alleged harm to their core**

9          **mission.**

10    Courts generally "have no difficulty concluding" that organizations suffer an

11  injury "attributable to the State" in NVRA cases when the Defendants' violations

12  disrupt the organizations' mission. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d

13  1032, 1041 (9th Cir. 2015). The amended complaint alleges that Defendants' violation

14  of the NVRA inflates the voter rolls, which directly injures the RNC and NVGOP's

15  mission to elect Republican candidates and turn out Republican voters. Amend.

16  Compl. (Doc. 98) ¶¶13-20, 23-26. "[T]here can be no question" that harm to the

17  organizations' core mission is an "injury in fact." *Havens Realty Corp. v. Coleman*, 455

18  U.S. 363, 379 (1982); *see also FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 395

19  (2024).

20    The Intervenors claim that Plaintiffs don't "explain" those injuries. Interv. Mot.

21  at 9. But the amended complaint is full of details explaining exactly how bloated rolls

22  injure the RNC and NVGOP's mission. The RNC and NVGOP rely on registration

23  numbers to form their electoral strategies and to advise candidates. Amend. Compl.

24  ¶¶15, 17. Inflated rolls cause the RNC and NVGOP to spend limited funds on those

25  efforts, contacting voters who are not registered or eligible to vote. ¶¶14-15. The RNC

26  and  NVGOP  must  divert  funds  from  voter-registration  and  get-out-the-vote

27  initiatives, which are essential to the RNC and NVGOP's mission to elect Republican

28  candidates. *Id.* Inflated rolls harm the RNC and NVGOP's ballot-chase efforts by

1   resulting in more ineligible voters receiving mail ballots. ¶16. And all of these injuries

2   harm "the core electoral missions" of the RNC and NVGOP. ¶18, 25.

3       The Intervenors suggest that these injuries don't suffice because they're just

4   "ordinary campaign expenses." Interv. Mot. at 8-9. But a "diversion-of-resources

5   theory does not require a plaintiff to pursue an entirely new mission in order to gain

6   standing." *Black Voters Matter Fund v. Raffensperger*, 508 F. Supp. 3d 1283, 1292

7   (N.D. Ga. 2020). In fact, showing that the defendants' violations "affected and

8   interfered" with the plaintiffs' "core business activities" is the heart of organizational

9   standing. *All. for Hippocratic Med.*, 602 U.S. at 395. And the "core business" of the

10  RNC is "electing Republican candidates and turn out Republican voters in local, state,

11  and federal elections." Amend. Compl. ¶13. By discounting Plaintiffs' injuries *because*

12  they affect Plaintiffs' core activities, the Intervenors get it backwards. So long as the

13  complaint "alleges that Plaintiffs expended additional resources that they would not

14  otherwise have expended, and in ways that they would not have expended them," the

15  plaintiffs have standing. *Nat'l Council of La Raza*, 800 F.3d at 1039; *see also Tex.*

16  *Democratic Party v. Benkiser*, 459 F.3d 582, 586 (5th Cir. 2006) (Texas Democratic

17  Party had standing to challenge a Republican candidate's removal from the ballot

18  because it would have to rework its campaign).

19      Moreover, that the RNC and NVGOP might spend *some money* on ballot-chase

20  efforts and other programs absent Defendants' violations does not mean that the

21  additional expenses don't harm their mission. In *La Raza*, the Ninth Circuit held that

22  a voter-registration organization had standing under the NVRA because "[r]esources

23  Plaintiffs put toward registering someone who would likely have been registered by

24  the State, had it complied with the NVRA, are resources they would have spent on

25  some other aspect of their organizational purpose." *Nat'l Council of La Raza*, 800 F.3d

26  at 1040. Swap out voter-registration for voter-turnout, and *La Raza* describes this

27  case: "Because Nevada automatically sends all active voters a mail ballot" the RNC

28  must "divert resources to ensure it is chasing mail ballots of eligible voters, rather

Opposition to Intervenors' Motion to Dismiss

than ballots mailed to voters who are no longer eligible to vote." Amend. Compl. ¶16. So long as "a portion of the resources" spent on an activity is attributable to counteracting the challenged law, an organization has standing. *ACORN v. Fowler*, 178 F.3d 350, 361 (5th Cir. 1999); *see also Havens Realty*, 455 U.S. at 379 (holding that plaintiff organization had standing because it was forced to divert more resources toward investigating the defendant's "racially discriminatory steering practices" because of the challenged conduct).

The Intervenors' traceability argument suffers from the same problem. They suggest that because the Plaintiffs don't know whether a marginal voter is on the rolls due to error, they can't show that their injuries are traceable to Defendants' violations. Interv. Mot. at 9-10. That misunderstands how the Plaintiffs use voter rolls. The RNC and NVGOP rely "on voter registration lists to determine [their] plans and budgets," for example. Amend. Compl. ¶14. They don't make those decisions on a voter-by-voter basis. But when a state or county has hundreds of thousands of ineligible voters on the rolls, and "more registered voters than they have adult citizens who are over the age of 18," ¶4, it impedes the Plaintiffs' ability form strategies and run an effective campaign, ¶¶15-17.

In any event, when an organization "divert[s] more resources to accomplishing its goals" because of a challenged law, it suffers an "injury in fact," even if "the added cost has not been estimated and may be slight." *Fla. State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1165 (11th Cir. 2008) (emphasis added) (quoting *Crawford v. Marion Cnty. Election Bd.*, 472 F.3d 949, 951 (7th Cir. 2007), *aff'd*, 553 U.S. 181 (2008)). The amended complaint contains detailed allegations of how bloated rolls force the RNC and NVGOP to waste a variety of advocacy, education, and strategic resources. "It is *these* wasted resources, which [Plaintiffs] could have put … toward any other use … that provide [Plaintiffs] with standing." *ACORN*, 178 F.3d at 361 (emphasis added).

1    Just this week, the Southern District of Mississippi ruled that similar facts in

2  affidavits were enough to find standing for the RNC and Mississippi Republican Party

3  on summary judgment. *RNC v. Wetzel*, Doc. 104, No. 1:24-cv-25 (S.D. Miss. July 28,

4  2024). Here, the allegations must be taken as true. Any they allege "[s]uch concrete

5  and demonstrable injury to the organization's activities" that it would be "improper

6  for the District Court to dismiss for lack of standing." *Havens Realty*, 455 U.S. at 379.

7                                    **CONCLUSION**

8    The Court should deny the Intervenors' motion to dismiss.

9

10  Dated: July 30, 2024                          Respectfully submitted,

11                                                */s/ Jeffrey F. Barr*

12  Thomas R. McCarthy*                           Jeffrey F. Barr
       VA Bar No. 47145                              NV Bar No. 7269
13  Gilbert C. Dickey*                            ASHCRAFT & BARR LLP
       VA Bar No. 98858                           8275 South Eastern Avenue
14  Conor D. Woodfin*                             Suite 200
       VA Bar No. 98937                           Las Vegas, NV 89123
15  CONSOVOY MCCARTHY PLLC                        (702) 631-4755
    1600 Wilson Boulevard, Suite 700             barrj@ashcraftbarr.com
16  Arlington, VA 22209
    (703) 243-9423                                *Counsel for the Republican*
17  tom@consovoymccarthy.com                      *National Committee and Scott*
    gilbert@consovoymccarthy.com                  *Johnston*
18  conor@consovoymccarthy.com
                                                  */s/ Sigal Chattah*
19  *admitted pro hac vice
                                                  Sigal Chattah
20  *Counsel for Plaintiffs*                         NV Bar No. 8264
                                                  CHATTAH LAW GROUP
21                                                5875 S. Rainbow Blvd #204
                                                  Las Vegas, NV 89118
22                                                (702) 360-6200
                                                  sigal@thegoodlawyerlv.com
23
                                                  *Counsel for the Nevada*
24                                                *Republican Party*

25

26

27

28

                                    4