1 | Jeffrey F. Barr (NV Bar No. 7269)
2 | 8275 South Eastern Avenue, Suite 200
  | Las Vegas, NV 89123
  | (702) 631-4755
3 | barrj@ashcraftbarr.com

4 | Thomas R. McCarthy* (VA Bar No. 47145)
  | Gilbert C. Dickey* (VA Bar No. 98858)
5 | Conor D. Woodfin* (VA Bar No. 98937)
  | 1600 Wilson Boulevard, Suite 700
6 | Arlington, VA 22209
  | (703) 243-9423
7 | tom@consovoymccarthy.com
  | gilbert@consovoymccarthy.com
8 | conor@consovoymccarthy.com

9 | Sigal Chattah (NV Bar No. 8264)
  | 5875 S. Rainbow Blvd #204
10 | Las Vegas, NV 89118
   | (702) 360-6200
11 | sigal@thegoodlawyerlv.com

*Counsel for Plaintiffs*
*\*Admitted pro hac vice*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| REPUBLIC NATIONAL COMMITTEE, NEVADA REPUBLICAN PARTY, and SCOTT JOHNSTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRANCISCO AGUILAR, *in his official capacity as Nevada Secretary of State*; LORENA PORTILLO, *in her official capacity as the Registrar of Voters for Clark County*; WILLIAM "SCOTT" HOEN, AMY BURGANS, STACI LINDBERG, and JIM HINDLE, *in their official capacities as County Clerks*,<br><br>    Defendants. | No. 2:24-cv-00518-CDS-MDC<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Consistent with the Court's October 18 order (Doc. 121), Plaintiffs move for leave to file an Amended Complaint under Local Rule 15-1(b) and Federal Rule of Civil Procedure 15(a)(2).

On October 18, 2024, this Court dismissed Plaintiffs' First Amended Complaint "without prejudice." Doc. 121 at 19-20. Plaintiffs filed the amended Complaint on July 2, 2024—two months before the Ninth Circuit decided *Arizona Alliance for Retired Americans v. Mayes*, 117 F.4th 1165 (9th Cir. 2024). In *Mayes*, the Ninth Circuit "overruled" numerous previous Ninth Circuit decisions in the wake of the Supreme Court's ruling concerning organizational standing in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024). *Mayes*, 117 F.4th at 1170. This Court noted that because Plaintiffs "did not have the benefit of the *Mayes* case at the time it filed its amended complaint, it is not wholly clear if amendment would be futile" and therefore allowed Plaintiffs to "choose to file another complaint." Doc. 121 at 19-20.

This Court should "freely" grant Plaintiffs leave to amend their jurisdictional allegations because "justice so requires." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (cleaned up). That standard is applied "with extreme liberality." *Id*. Unlike other motions, here "[t]he nonmovant bears the burden of showing why amendment should not be granted." *Ratcliff v. Faulkner*, No. 2:21-cv-1351, 2024 WL 4696159, at *4 (D. Nev. Nov. 6, 2024) (citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Several factors bear on whether to grant leave to amend, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

2

Motion for Leave to Amend Complaint

1   Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Each factor
2   supports granting leave to amend.

3         The Plaintiffs have not unduly delayed—they've timely filed this motion
4   to amend. The Plaintiffs are not amending in bad faith—they're amending in
5   response to this Court's invitation. *See* Doc. 121 at 20. The Plaintiffs have not
6   shown a "repeated failure to cure deficiencies by amendments previously
7   allowed." *Eminence Capital*, 316 F.3d at 1052. As this Court stated, because
8   the parties "did not have the benefit of the *Mayes* case" for the prior two
9   complaints, it was "not wholly clear if amendment would be futile." Doc. 121 at
10  20. No party will suffer "undue prejudice" as a result of amendment. *Eminence*
11  *Capital*, 316 F.3d at 1052. At most, amendment will invite one more round of
12  briefing on a motion to dismiss.

13        And briefing on another motion to dismiss can be substantially narrowed.
14  For example, Plaintiffs are willing to forgo briefing Scott Johnston's standing
15  in light of this Court's ruling that he lacks an Article III injury as alleged in the
16  Amended Complaint. Plaintiffs continue to include those allegations to
17  preserve their rights, but they are willing to accept this Court's previous ruling
18  on that issue as final (while preserving their objections) to reduce the issues
19  that need to be briefed. The parties can forgo re-litigating other issues—such
20  as the Court's ruling that the claims are prudentially ripe, *see* Doc. 1221 at 18-
21  19—if the Defendants are willing to do the same.

22        Finally, the Plaintiffs' proposed amendment is not futile. "Denial of leave
23  to amend on futility grounds is rare. Ordinarily, courts will defer consideration
24  of challenges to the merits of a proposed amended pleading until after leave to
25  amend is granted and the amended pleading is filed." *Ratcliff v. Faulkner*, No.
26  2:21-cv-1351, 2024 WL 4696159, at *4 (D. Nev. Nov. 6, 2024). Plaintiffs'
27  amendment demonstrates that they are not attempting to "spend their way
28  into Article III standing." Doc. 121 at 4 (cleaned up). Indeed, Plaintiffs have

Motion for Leave to Amend Complaint

1. suffered direct injury to their core activities that are sufficient to establish an Article III stake in this controversy. Those injuries are not "mere diversion of resources in response to a policy." *Mayes*, 117 F.4th at 1175.

2. In addition, since this Court's previous decision, new evidence of Defendants' NVRA violations has been brought to light. Proposed 2d Am. Compl. ¶¶93-97. For example, the former Washoe County Registrar admitted that the County missed the federal deadline to remove inactive voters from the rolls. *Id*. ¶93. The Court should thus grant leave to amend. To the extent futility of amendment is an issue, the simplest course is to "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Ratcliff*, 2024 WL 4696159, at *4.

3. For these reasons, Plaintiffs request that the Court grant them leave to file the attached Proposed Second Amended Complaint.

Dated: November 11, 2024                              Respectfully submitted,

*/s/ Jeffrey F. Barr*

| | |
|---|---|
| Thomas R. McCarthy* | Jeffrey F. Barr (Bar No. 7269) |
| Gilbert C. Dickey* | ASHCRAFT & BARR LLP |
| Conor D. Woodfin* | 8275 South Eastern Ave., Ste. 200 |
| CONSOVOY MCCARTHY PLLC | Las Vegas, NV 89123 |
| 1600 Wilson Blvd., Ste. 700 | barrj@ashcraftbarr.com |
| Arlington, VA 22209 | |
| tom@consovoymccarthy.com | Sigal Chattah (Bar No. 8264) |
| gilbert@consovoymccarthy.com | CHATTAH LAW GROUP |
| conor@consovoymccarthy.com | 5875 S. Rainbow Blvd #204 |
| | Las Vegas, NV 89118 |
| *Admitted pro hac vice | sigal@thegoodlawyerlv.com |

*Counsel for Plaintiffs*

4

Motion for Leave to Amend Complaint