1  Jeffrey F. Barr (NV Bar No. 7269)
2  8275 South Eastern Avenue, Suite 200
   Las Vegas, NV 89123
3  (702) 631-4755
   barrj@ashcraftbarr.com

4  Thomas R. McCarthy* (VA Bar No. 47145)
   Gilbert C. Dickey* (VA Bar No. 98858)
5  Conor D. Woodfin* (VA Bar No. 98937)
   1600 Wilson Boulevard, Suite 700
6  Arlington, VA 22209
   (703) 243-9423
7  tom@consovoymccarthy.com
   gilbert@consovoymccarthy.com
8  conor@consovoymccarthy.com

9  Sigal Chattah (NV Bar No. 8264)
   5875 S. Rainbow Blvd #204
10 Las Vegas, NV 89118
   (702) 360-6200
11 sigal@thegoodlawyerlv.com

12 *admitted pro hac vice

13            UNITED STATES DISTRICT COURT
                 DISTRICT OF NEVADA
14

15 REPUBLICAN NATIONAL COMMITTEE,
   NEVADA REPUBLICAN PARTY, and SCOTT
   JOHNSTON,                                  No. 2:24-cv-00518-CDS-MDC
16
                      Plaintiffs,
17
              v.
18                                            **RESPONSE IN
   FRANCISCO AGUILAR, *in his official capacity as*   **OPPOSITION TO
   *Nevada Secretary of State*; LORENA PORTILLO, *in*   **INTERVENOR-
19 *her official capacity as the Registrar of Voters for Clark*   **DEFENDANTS' MOTION
   *County*; WILLIAM "SCOTT" HOEN, AMY          **FOR LEAVE TO FILE
20 BURGANS, STACI LINDBERG, and JIM            **SUPPLEMENTAL
   HINDLE, *in their official capacities as County Clerks*,   **AUTHORITIES
21
                      Defendants.
22

23

24

25

1    Plaintiffs file this response to the Intervenor-Defendants' motion for leave to
2    supplement authorities. *See* Doc. 149. The *pro se* case that Intervenor-Defendants seek
3    to file, *Drouillard v. Roberts*, No. 24-cv-6969, Doc. 42 (N.D. Cal. Jan. 27, 2025), is not
4    "particularly persuasive or helpful," *Hunt v. Washoe Cnty. Sch. Dist.*, No. 3:18-cv-501, 2019
5    WL 4262510, at *3 (D. Nev. Sept. 9, 2019).

6    *Drouillard* was filed by *pro se* voter plaintiffs who alleged that their votes were
7    diluted by ineligible registrants on the rolls, and that their confidence in the integrity of
8    California's elections was diminished by the defendants' alleged NVRA violations. No.
9    24-cv-6969, Doc. 9 at ¶¶2, 11 (N.D. Cal., Oct. 4, 2024). This Court has already agreed
10   with that portion of the court's opinion, dismissing Plaintiff Scott Johnston "with
11   prejudice" for lack of standing. MTD Order (Doc. 121) at 19. Although Plaintiffs
12   "preserve[]" their objections to that ruling, the latest round of motions to dismiss did
13   not relitigate Mr. Johnston's standing. Pls.' Resp. to MTD (Doc. 141) at 3. So
14   supplemental authority concerning Mr. Johnston's standing isn't relevant to any issues
15   in the pending motions to dismiss.

16   Neither is the *Drouillard* court's analysis of the plausibility of the *pro se* plaintiffs'
17   NVRA claim persuasive, because that entire portion of the opinion is "beyond the
18   bounds of authorized judicial action." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,
19   94 (1998). Since the *Drouillard* court ruled that the *pro se* plaintiffs did not have standing,
20   it had "no power to reach the merits." *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172
21   (9th Cir. 2013). The court's merits discussion was thus plain error. *See id.* at 1172-73
22   (vacating "the portion of the district court's order that analyzed the merits" after district
23   court determined it did not have standing). That erroneous opinion should not serve as
24   the persuasive basis for any decision that this Court makes.

25

Even if the *Drouillard* court had power to reach the merits, its opinion is not persuasive for this case. The *pro se* plaintiffs' NVRA allegations consisted of a single paragraph: "Defendants' failure to implement these programs in Marin County has allowed thousands of ineligible voters to remain on the voter rolls, contravening the NVRA's explicit requirements to safeguard the integrity of the electoral process." *Drouillard*, No. 24-cv-6969, Doc. 9 at ¶17. The court ruled that the single allegation was "'merely conclusory,'" and "fail[ed] to allege how Defendants' voter list maintenance programs violate the NVRA." *Id.*, Doc. 42 at 6-7. In contrast to the *Drouillard* plaintiffs' single paragraph, the Plaintiffs here have alleged in detail how "Defendants have failed to implement" various voter-maintenance requirements. *Id.* at 7; *see, e.g.*, 2d Am. Compl. (Doc. 131) ¶¶93-96. Moreover, the *Drouillard* plaintiffs did not allege "why the presence of some ineligible voters on Marin County's voter rolls means that California's general program of voter list maintenance is not reasonable." No. 24-cv-6969, Doc. 42 at 7. But Plaintiffs here provide detailed statistical evidence of how unreasonably bad Nevada's voter rolls are, *see* 2d Am. Compl. ¶¶3-5, 63-71, 76-82, 83-89, which courts have held raises an inference that defendants have "failed to make reasonable efforts to conduct voter list maintenance programs," *ACRU v. Martinez-Rivera*, 166 F. Supp. 3d 779, 805 (W.D. Tex. 2015).

In any event, Plaintiffs need not allege a specific breakdown in Defendants' list-maintenance program. The NVRA requires "reasonable" list maintenance, not specific policies. *Husted v. A. Philip Randolph Inst.*, 584 U.S. 756, 761 (2018) (quoting 52 U.S.C. §20507(a)(4)). So "[i]t is enough" at the pleading stage that "the complaint plausibly allege the existence of an ongoing violation" under the NVRA. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1044 (9th Cir. 2015). Whether defendants' program is in

1    "compliance" with the NVRA is "a fact-based argument more properly addressed at a

2    later stage of the proceedings." *Bellitto v. Snipes*, 221 F. Supp. 3d 1354, 1366 (S.D. Fla.

3    2016). The *Drouillard* court did not engage with the body of precedent holding that

4    detailed allegations such as those in Plaintiffs' Second Amended Complaint state a claim.

5    Its decision dismissing a conclusory *pro se* complaint is thus neither "particularly

6    persuasive [nor] helpful." *Hunt*, 2019 WL 4262510, at *3.

7

8    Dated: February 19, 2025                          Respectfully submitted,

9                                                      */s/ Jeffrey F. Barr*

10
     Thomas R. McCarthy*                               Jeffrey F. Barr
11   VA Bar No. 47145                                  NV Bar No. 7269
     Gilbert C. Dickey*                                ASHCRAFT & BARR LLP
12   VA Bar No. 98858                                  8275 South Eastern Avenue
     Conor D. Woodfin*                                 Las Vegas, NV 89123
13   VA Bar No. 98937                                  (702) 631-4755
     CONSOVOY MCCARTHY PLLC                            barrj@ashcraftbarr.com
14   1600 Wilson Boulevard, Suite 700
     Arlington, VA 22209                               *Counsel for the Republican National Committee*
15   (703) 243-9423                                    *and Scott Johnston*
16   tom@consovoymccarthy.com
     gilbert@consovoymccarthy.com                      */s/ Sigal Chattah*
17   conor@consovoymccarthy.com
                                                       Sigal Chattah
18   *admitted pro hac vice*                           NV Bar No. 8264
                                                       CHATTAH LAW GROUP
19   *Counsel for Plaintiffs*                          5875 S. Rainbow Blvd #204
                                                       Las Vegas, NV 89118
20                                                     (702) 360-6200
                                                       sigal@thegoodlawyerlv.com
21
                                                       *Counsel for the Nevada Republican Party*
22

23

24

25
                                              3

## <u>CERTIFICATE OF SERVICE</u>

This filing was served on all appearing parties on the 19th day of February, 2025 by electronic service by way of the Court's ECF System.

*/s/ Jeffrey F. Barr*
An employee of Ashcraft & Barr LLP

Response to Intervenor-Defendants' Motion for Leave to Supplement Authorities